UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KAREN SARAGUSA                                CIVIL ACTION

VERSUS                                        NO. 14-2717

COUNTRYWIDE ET AL.                            SECTION "R" (1)


# ORDER AND REASONS

Before the Court are plaintiff Karen Saragusa's motion to appeal the Magistrate Judge's denial of plaintiff's request to subpoena Louisiana Attorney General Jeff Landry,[1] and motion to appeal *in forma pauperis* the Court's order denying her Rule 60 motion.[2] A nondispositive order of a magistrate judge shall be set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Even if the Court considered plaintiff's untimely objections[3] to the Magistrate Judge's order, the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Saragusa's claims have been dismissed with prejudice, final judgment

---

[1] R. Doc. 78.
[2] R. Doc. 81.
[3] Federal Rule of Civil Procedure 72(a) requires parties to object to nondispositive orders within 14 days of receiving the order. Fed. R. Civ. P. 72(a). The Magistrate Judge's order was entered on October 5, 2016 and Saragusa admits that she received notice on October 5. R. Doc. 78 at 2. Saragusa did not appeal until November 9, 2016. *Id.* at 1.

has been entered, and her Rule 60 motion has been denied.[4] Saragusa has not shown a substantial need for the information sought, as her case has been dismissed. *See Cupit v. Jones*, 835 F.2d 82, 86-87 (5th Cir. 1987). Thus, plaintiff's appeal of the Magistrate Judge's order is denied.

Saragusa also seeks leave to proceed *in forma pauperis* and appeal the Court's denial of her Rule 60 motion. A claimant may proceed with an appeal *in forma pauperis* if she meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [she] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); accord 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress."). Third, the claimant's appeal must be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue not frivolous." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438 (1962)).

---

[4] R. Doc. 79.

Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012); *see also Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003) ("A complaint is frivolous if it lacks an arguable basis either in law or in fact.").

Saragusa indicates that her wages are $1,733 per month, compared to regular monthly expenses of $2,179.[5] Saragusa also indicates that she has a current checking account balance of $23.69. Although Saragusa has demonstrated her inability to pay the fees related to her appeal, the Court nonetheless concludes that her motion to proceed *in forma pauperis* lacks merit. The Court denies her motion because she fails to indicate what issues she intends to pursue on appeal and because her appeal is not taken in good faith.

Saragusa has not indicated to the Court what issues she intends to pursue on appeal. A litigant who wishes to proceed *in forma pauperis* in the court of appeals is required to provide the district court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); 28 U.S.C. § 1915(a)(1). Saragusa did not comply with this

---

[5] R. Doc. 81 at 1-2.

3

requirement because her *in forma pauperis* motions and notice of appeal contain no indication of the issues that she intends to present on appeal. Saragusa's complaint asserted a multitude of federal and state law claims. Without a statement of the specific issues she intends to pursue in the court of appeals, her *in forma pauperis* motion must be denied. *See McQueen v. Evans*, 1995 WL 17797616, at *2 (5th Cir. 1995) (per curiam) (failure to present issue for appeal in an *in forma pauperis* motion constitutes abandonment of that issue); *see also Wallace v. Magnolia Family Servs., L.L.C.,* No. 13-4703, 2015 WL 2157325, at *2 (E.D. La. May 7, 2015) (denying in forma pauperis motion that failed to present issues for appeal); *White v. Cain*, No. 12-2906, 2014 WL 4792182, at *1 (E.D. La. Sept. 24, 2014) (same); *McKinsey v. Cain*, No. 09-7729, 2011 WL 2945812, at *1 (E.D. La. July 15, 2011) (same).

In addition, even if Saragusa intends to raise all of the arguments she raised in her Rule 60 motion, her motion is frivolous because it lacks an arguable basis in law or in fact. As the Court explained in its order denying Saragusa's Rule 60 motion, her "new" evidence could have been discovered with reasonable diligence, and the fraud she alleges has no bearing on the validity of the Court's previous order dismissing her claims.[6]

---

[6] R. Doc. 79.

For these reasons, Saragusa fails to demonstrate that her appeal is taken in good faith. Without evidence that plaintiff's "legal points [are] arguable on their merits (and therefore not frivolous)," the Court must deny her motion to proceed *in forma pauperis*. *See Arroyo-Jurado*, 477 F. App'x at 151.

Accordingly,

Plaintiff's motions to appeal the Magistrate Judge's order and to proceed *in forma pauperis* are DENIED.

New Orleans, Louisiana, this __10th__ day of April, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE